IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE D. CHRISTOFFERSON, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of the | : | |
| Social Security Administration, | : | |
| Defendant | : | NO. 20-1497 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                        July 30, 2021

      Lawrence D. Christofferson ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying his request for waiver of recovery of an overpayment of disability benefits under the Social Security Act. Plaintiff, *pro se*, has filed a brief in support of his request for review; the Commissioner has responded to it. For the reasons set forth below, Plaintiff's request for review is denied and judgment is entered in favor of the Commissioner.

**I.    PROCEDURAL HISTORY**[1]

      On August 23, 2010[2], Plaintiff began to receive Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. R. 15, 185, 193. However, on May 5, 2016, the Social Security Administration ("SSA") informed him that he was overpaid in SSI benefits in the amount of $4,660.47 from March 2014 to March 2016. R. 15, 48-56; Resp. at 1-2. Because Plaintiff possessed more than $2,000.00 in resources, the SSA determined that he received

---

[1] The Court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Motion for Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), the administrative record ("R."), and Exhibits (Ex.).

[2] The ALJ's decision states that Plaintiff began to receive SSI benefits on May 1, 2009, R. 15, however, the record indicates that the Plaintiff first received those benefits on August 23, 2010. R. 185, R. 193.

overpayments and reduced the SSI payments.  R. 17.

On May 20, 2016, Plaintiff requested a waiver of the overpayment, arguing he was not at fault.  R. 15.  On August 26, 2016, the SSA held a conference with Plaintiff, and on November 15, 2016, denied his waiver request.  R. 15, 23.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  R. 15, 23, 90; Resp. at 1. The SSA granted Plaintiff's request and convened a hearing on February 20, 2019, but it was continued so Plaintiff's attorney could attend.  R. 39-47; Resp. at 3.  A new hearing was held on June 5, 2019.  R. 15; Resp. at 4.

Plaintiff appeared before Malik Cutlar, the ALJ, in Philadelphia, Pennsylvania; Plaintiff, represented by an attorney, testified at the hearing.  R. 15, 23-38.  On June 24, 2019, the ALJ issued an unfavorable ruling; he found that Plaintiff was overpaid and that he did not qualify for a waiver of the overpayment as defined under the Act.  R. 23-38.  Thereafter, on January 14, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final determination.  R. 1-5; Resp. at 3-4.  The Plaintiff, proceeding *pro se*, sought judicial review from this Court.  Both parties have consented to the undersigned's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.    FACTUAL BACKGROUND

A.    Personal History

Plaintiff, born May 30, 1943, was 73 years old on the date of his administrative hearing.  R. 25.  He obtained a college degree in economics and worked as a consultant until 2010.  R. 25-26.  As a consultant, Plaintiff assisted businesses "with their bottom lines," financial issues, and advised them on how to save money.  *Id*.  In 2010, when he was over 65 years old, he stopped working and started to receive SSI benefits and a pension from the Canadian government.  R. 27, 29.

B.      <u>Plaintiff's Testimony</u>

Plaintiff testified that he possessed two bank accounts: (1) one specifically to use as executor for his mother's estate and estate-related expenses; and (2) a Wells Fargo account. R. 17, 26, 32. He informed the ALJ that he would transfer money from his checking account, in order to receive direct deposit moneys from the SSA and the Canadian Pension System. R. 26-27. Specifically, Plaintiff set up the bank account for unanticipated medical expenses that weren't covered by his insurance. R. 27.

He testified that he conducted his own research, which included looking at attorney websites that handled social security matters and the SSA website; however, he never directly contacted the SSA. R. 32-33. At the end of his research, Plaintiff believed he could set up separate bank accounts for designated expenses and that those segregated resources would not count for purposes of SSI eligibility. R. 27, 32-33. When asked why he would conduct this research, Plaintiff responded that he wanted to know "the proper way to pay emergency bills with the funds coming in from…SSA, SSI, and Canadian pension." R. 33.

### III.   THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

1. The [Plaintiff] was overpaid benefits in the amount of $4,660.47 during the period March 2014 to March 2016 (20 CFR 416.537(a)).

2. The [Plaintiff] was at fault in causing the overpayment (20 CFR 416.550 and 416.552).

3. Recovery of the overpayment is not waived, and the [Plaintiff] is liable for repayment of $4,660.47 during the period March 2014 to March 2016 (20 CFR 416.550 and 416.551).

R. 17-18, 20, 25-27.

## IV. DISCUSSION

A. <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). It is more than a mere scintilla of evidence but may amount to less than an evidentiary preponderance. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B. <u>Statue and Regulations</u>

An overpayment occurs when an individual receives benefit payments that exceed the amount due[3]. 20 C.F.R. § 416.535, 416.560, 416.570. When the SSA makes an overpayment, the Commissioner is statutorily obligated to recover said overpayment. 42. U.S.C. § 404(a)(1). However, the Commissioner can waive the recovery when two requirements are met: (1) the overpaid individual is without fault in causing the overpayment; and (2) recovery of the

---

[3] To be considered eligible for SSI, an individual cannot have more than $2,000.00 in resources during any given month in which he or she receives benefits. 20 C.F.R. § 416.1205.

overpayment would either defeat the purpose of the Act or be against equity and good conscience. 20 C.F.R. § 416.550 and 416.551.

In assessing whether an individual is without fault, the SSA considers "all pertinent circumstances," such as the claimant's age, intelligence, mental functional limitations, linguistic limitations and education. 20 C.F.R. § 416.552. An individual is determined to be at fault when the overpayment results from: (1) an incorrect statement made by the individual which he knew or should have known to be incorrect; or (b) failure to furnish information which he knew or should have known to be material; or (c) acceptance of a payment which he either knew or could have been expected to know was incorrect. *Id*.

C.  Review of the Administrative Law Judge's Decision

Applying the regulations above, the ALJ determined that the Plaintiff was in possession of two bank accounts that equaled more than $2,000.00. R. 17. Although one account was used to handle Plaintiff's mother's estate matters, and did not count as excess resources, the other account did. *Id*. Furthermore, the ALJ determined that the Plaintiff was at fault for causing the overpayments, pursuant to 20 C.F.R. § 416.550 and 416.552. R. 17. The ALJ held that Plaintiff was "obviously aware and concerned of" the excess resource issue, as evidenced by his research. *Id*. Moreover, the ALJ determined that Plaintiff's college degree in economics, his prior experience as a business consultant, advising businesses on how to save money, and his research were all factors that the ALJ weighed. *Id*.

The ALJ held that Plaintiff failed to show that he was faultless; specifically, Plaintiff's failure to provide information to the SSA of the accounts was material to the ALJ's decision. R. 17-18. Finally, the ALJ was not persuaded by Plaintiff's testimony that he did not know about the $2,000 resource limit, as evidenced by Plaintiff's research to maintain the accounts and the notices

5

the SSA sent regarding them. R. 18.

Plaintiff asserts that the ALJ's stated dates of overpayment are incorrect and that the accurate dates of overpayment are from October 2014 through June 2015, and from August 2015 through January 2016. Pl. Br. at 1. He contends, because the correct dates were not accurately presented, it renders the ALJ's decision inapplicable. *Id*. Plaintiff's third and final argument asserts that the SSA continued to recover overpayments after he initiated his waiver. Pl. Br. at 2. He argues that the SSA was required to stop recovery until his appellate process had concluded. *Id*. The Commissioner disputes Plaintiff's arguments and maintains that the ALJ's decision is supported by substantial evidence. Resp. at 5-10.

This Court finds that the ALJ's decision is supported by substantial evidence. The ALJ properly evaluated that Plaintiff was at fault for causing the overpayment in SSI benefits. Hence, remand is not appropriate.

The ALJ is required to review all relevant evidence and, if there is substantial evidence to sustain his factual determinations, this Court must accept those fact-findings. *See Poulos*, 474 F.3d at 91. Substantial evidence is less than a preponderance. *See Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001). Here, the ALJ thoroughly reviewed the record and Plaintiff's testimony; he explained how the Plaintiff was at fault. First, the ALJ considered the fact Plaintiff was worried about excess resources and conducted independent research to ensure compliance, although he testified that he was unaware of the $2,000 resource limit. R. 17, 31. Plaintiff's research included reading the SSA site, the POMS, and websites developed by attorneys who handled Social Security overpayment issues. R. 28, 32-33. Plaintiff, however, never actually spoke to any of the lawyers he researched online. R. 33. Moreover, the ALJ accurately found Plaintiff's alleged ignorance of the $2,000 resource limit unpersuasive, inasmuch as he received notices from

the SSA regarding the limit.  R. 28.

Second, the ALJ considered Plaintiff's education and professional experience.  R. 17.  Plaintiff possesses an economics degree and formerly advised businesses on how to save money.  R. 25-26.  Moreover, he failed to "furnish information which he knew or should have known to be material," 20 C.F.R. § 416.552, which proves he is at fault.  Plaintiff was experienced in finances, banking, and handling money; he more likely than not knew he should have told the SSA about the bank accounts.

Plaintiff's second argument about incorrect dates must fail.  Although the ALJ's decision indicates that he was paid from March 2014 to March 2016, it does not say that Plaintiff was overpaid every month during this period.  Rather, the ALJ identified the relevant period in a simple, comprehensive, manner.  The ALJ's opinion appropriately considered Plaintiff's testimony and the record is supported by substantial evidence.  Hence, remand is inappropriate.

Plaintiff's third and final argument must also fail, because it is moot; the SSA already corrected it's error.  Plaintiff asserts that the SSA continued to withhold money during his appellate process, however, the SSA refunded Plaintiff this money.  *See* Plaintiff's Ex. 1 and 2.  For example, a July 2, 2016 notice indicates that he was due $328.76 in benefits in August of 2016 but was only paid $255.46.  R. 68; *see also* Pl. Br. at 3 (Exhibit 1).  This shows that the SSA withheld $73.30.  However, the same exhibit Plaintiff cites confirms that he was refunded "a payment of $73.30 by August 23, 2016," which covered August 2016.  Pl. Br. at 4.  Thus, this issue is moot and cannot warrant relief.

## V. CONCLUSION

Review of the relevant law and the record indicate that Plaintiff's assertions that he is without fault and should receive a waiver lack merit. Accordingly, his Request for Review is denied. An implementing Order and Order of Judgment follow.